UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL OUELLETTE, )
                                      )
       Plaintiff )
                                      )
   v. ) 2:14-cv-00427-GZS
                                      )
KENNEBEC BEHAVIORAL HEALTH, )
*et als.*, )
                                      )
      Defendants )

**RECOMMENDED DECISION**

In this action, Plaintiff Daniel Ouellette, proceeding *pro se*, alleges that Kennebec Behavioral Health, and some if its employees or agents, violated his civil rights and discriminated against him.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted. In accordance with 28 U.S.C. § 1915, a preliminary review of Plaintiff's complaint is appropriate. Following the review, I recommend that the Court dismiss Plaintiff's complaint without requiring service of the complaint.

**STANDARD OF REVIEW**

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308

(1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND

The facts set forth herein are derived from the factual allegations in Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[1] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

Plaintiff asserts that in June 2013, while homeless and suffering from an untreated mental disability, he applied for services with Defendant Kennebec Behavioral Health (KBH). KBH provides mental health therapy, medication services and vocational rehabilitation. Plaintiff alleges that when he sought the services, he had to undergo an "extensive, redundant intake and admission process." (Compl. ¶¶ 1-2.) Following a five-hour intake process with KBH, Plaintiff allegedly received a diagnosis "in support of preconceived clinical decision to deny and deprive [him of] historically prescribed and effective medication." (*Id.* ¶ 7.) Thereafter, Defendants delayed two weeks before addressing Plaintiff's request that certain adverse effects of medication be addressed. (*Id.* ¶ 9.) He complains that the delay in services caused him to experience difficulties with the law, which included the imposition of a probationary sentence in July 2013 for undisclosed conduct. (*Id.* ¶ 5.)

In November 2013, Defendants granted Plaintiff "membership" in KBH's Looking Ahead Clubhouse, a "work rehabilitative model." (*Id.* ¶ 11.) Plaintiff alleges that he had a "contract" to receive such "job development/placement services in support employment." (*Id.*) He contends that an adjustment in his medication caused him to suffer a "relapse in abuse of illicit substance," which apparently resulted in Plaintiff's termination from the program in January 2014. (*Id.* ¶¶ 13, 15.) Plaintiff's membership in the Clubhouse program was reinstated through a "graduated sanction agreement contract," which Plaintiff maintains exacerbated his symptoms. (*Id.* ¶ 17.) Plaintiff complains of "error and defamation" because he was not suffering from addiction at that time. (*Id.*) In February 2014, a KBH agent contacted Plaintiff's probation officer, allegedly to retaliate against grievance activity. (*Id.* ¶ 16.)

Plaintiff subsequently applied for employment with KBH in its Looking Ahead Clubhouse, but was denied employment with an explanation that the application "could not be considered due

3

to Plaintiff Applicants [sic] Gender & Disability." (*Id.* ¶ 20.) After a two week absence from the program due to shock and devastation, Plaintiff returned to KBH for services. (*Id.* ¶ 21.) According to Plaintiff, however, employees of the program turned on him because of his ability to complete their work tasks for them. (*Id.* ¶ 22.) The employees' conduct exacerbated Plaintiff's symptoms, which generated the need for additional psychiatric services. Plaintiff asserts that the services were not helpful. (*Id.* ¶¶ 22-24.) He also contends that the doctor who provided the services called KBH regarding Plaintiff's relationship with a student intern, which call undermined the relationship. Additionally, as the result of Plaintiff's subsequent grievance, KBH's agents interfered with the relationship and threatened to remove Plaintiff from the program if he persisted in grievance activity. (*Id.* ¶ 25-26.) After Plaintiff contacted the Maine Department of Human Services and the Disability Rights Center, KBH's agent assisted him with the filing of a grievance dated April 10, 2014. (*Id.* ¶¶ 27-28.)

On April 18, two days after Plaintiff visited the clubhouse with a female friend, "someone called [his] probation officer stating [Plaintiff] was home using drugs with a prostitute." (*Id.* ¶ 31.) Plaintiff did not return to the clubhouse for more than a week and then only did so to work on another grievance based on defamation that he discovered in his records. (*Id.* ¶ 32.) In a closed-door session with several KBH agents, Plaintiff was instructed to discontinue his grievance related conduct and "sign in for billing of insurance" or "be escorted out by police." (*Id.*) Plaintiff walked out and later received a call in which he was told not to return until after the grievance process concluded because the grievance was disruptive to staff and others participating in the program. (*Id.* ¶ 33.) "With medication deprived as repeated calls for help denied …, the loss of friendship with intern and LAC support system, [Plaintiff] became disconnected and suicidal leaving messages for Dr. Mosher which led to her calling police, probation and having [Plaintiff] arrested

as a seemingly familiar process." (*Id.* ¶ 34.) Plaintiff alleges that thereafter, a conspiracy developed among his probation officer, KBH agents, the state, the courts, and others "to retaliate, confine, restrict and silence Plaintiff." (*Id.* ¶ 35.)

Plaintiff alleges a violation of his constitutional rights, citing 42 U.S.C. § 1983; a violation of the Americans with Disabilities Act "in regards to Federally Funded Vocational Rehabilitation Programs and Services"; breach of contract; violation of the Maine Human Rights Act; and defamation. (*Id.* ¶¶ 36-40.) For relief, Plaintiff requests "Actual, Compensatory, and Punitive Damages"; lost income; and a court order that his "contract" with KBH be "completed," including by reinstating his membership at the Looking Ahead Clubhouse. (*Id.* ¶¶ 45-47.)

## DISCUSSION

### A. 42 U.S.C. § 1983

Private actors who cannot fairly be described as "state actors" acting "under color or state law" are not proper defendants on a section 1983 claim. *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4 (1st Cir. 2005). Although Plaintiff alleges that Defendants provided him with services within the context of a state administered, federally funded vocational rehabilitation program, the mere fact that Defendants provided the services as part of a state program does not transform Defendants into state actors for purposes of the federal civil rights statute. *See id.*; *see also Rendell-Baker v. Kohn,* 457 U.S. 830 (1982). Furthermore, Plaintiff's allegations of a conspiracy between Defendants and the State of Maine or the state court system are wholly conclusory and do not support a plausible inference of a state sponsored conspiracy to deprive Plaintiff of his constitutional rights. "Though … pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted).

B.     **The Americans with Disabilities Act**

Plaintiff's claim of discrimination by private actors in the context of a public health program implicates Title III of the ADA, which is addressed to "public accommodations" afforded by private actors. 42 U.S.C. § 12182(a).

Here, Plaintiff alleges discrimination based on his dissatisfaction with the mental health services provided to him by agents of Defendant KBH. Claims of deficient medical care ordinarily do not implicate the specific concerns of the ADA. *Buchanan v. Maine*, 469 F.3d 158, 174 (1st Cir. 2006). In other words, the ADA neither gives Plaintiff the right to dictate the diagnoses or treatments that he will receive, nor does it authorize a claim based on the treatment providers' consideration of his mental health disability in the course of making treatment decisions. *Flood v. Maine Dep't of Corr.*, No. 1:11-CV-270-DBH, 2012 WL 5389533, at *27 (Aug. 24, 2012) *report and recommendation adopted,* 2012 WL 5389529 (D. Me. Nov. 2, 2012). Additionally, Title III authorizes injunctive remedies only, not money damages, and the injunctive relief is only available to "any person who *is being subjected* to discrimination on the basis of disability." *Id.* § 12188(a)(1) (emphasis added); *see also Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir. 2003). Plaintiff currently is incarcerated. Because Plaintiff complains of treatment decisions, requests money damages as his remedy for discrimination, and is not subject to discrimination at this time by Defendants, his Title III claim is baseless. *See Shuper v. Tri-Cnty. Mental Health Servs.*, No. 2:14-CV-00476-GZS, 2014 WL 6893852, at *2 (D. Me. Dec. 4, 2014) (citing *Ruffin v. Rockford Mem'l Hosp.*, 181 Fed. App'x 582, 585 (7th Cir. 2006)).

Plaintiff also alleges that he was the victim of discrimination when he applied for a regular employment position with the Looking Ahead Clubhouse, which position Plaintiff applied for

6

while he was receiving vocational rehabilitation services through that same program. This claim is analyzed under Title I of the ADA, 42 U.S.C. § 12112(a), which prohibits disability discrimination in matters of employment, including hiring decisions. To state an actionable claim, Plaintiff must allege that he was qualified for the position in question, with or without a reasonable accommodation. *Id.*; *Bailey v. Georgia-Pac. Corp.*, 306 F.3d 1162, 1166 (1st Cir. 2002). Plaintiff has made no such allegation, nor has he alleged facts to suggest that he was qualified for the position, with or without accommodation.

**C.     State Law Claims**

Plaintiff's claims of breach of contract, violation of the Maine Human Rights Act, and defamation are not within the original jurisdiction of this Court. Because Plaintiff's federal claims are baseless, and because this assessment is made well in advance of trial, I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the claims without prejudice. *See*, *e.g.*, *Shuper v. Tri-Cnty. Mental Health Servs.*, No. 2:14-CV-00476-GZS, 2014 WL 6893852, at *2 (D. Me. Dec. 4, 2014) (declining to exercise supplemental jurisdiction over state-law claims after the federal claims were dismissed) (citing *Keenan v. Int'l Ass'n of Machinists & Aerospace Workers,* 632 F. Supp. 2d 63, 72 (D. Me. 2009)).

## CONCLUSION

Based on the foregoing analysis, the recommendation is that pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismiss Plaintiff's Complaint in its entirety.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of January, 2015.